**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 1:25-cv-2986 SAG |
| ROLAND PARK SNF OPERATIONS, LLC, aka ROLAND PARK REHABILITATION AND HEALING CENTER, ATLAS HEALTHCARE NJ, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS THE COMPLAINT**

---

DATE: January 23, 2026

*~of counsel~*

Vanessa M. Kelly, admitted *pro hac vice*
Alexandra M. MacDonald, *pro hac vice pending*
**CLARK HILL PLC**
210 Carnegie Center, Ste. 102
Princeton, NJ  08540
T: (609) 785-2968
F: (609) 785-2999
E: vkelly@clarkhill.com
ammacdonald@clarkhill.com

Jack R. McCaffrey (No. 30737)
**CLARK HILL PLC**
1001 Pennsylvania Avenue, NW, Ste. 1300 S.
Washington, DC  20004
T: (202) 640-6675
F: (202) 772-0919
E: jmccaffrey@clarkhill.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

TABLE OF CONTENTS...............................................................................................................i

TABLE OF AUTHORITIES .......................................................................................................ii

I.   INTRODUCTION ........................................................................................................ 1

II.  SUMMARY OF ALLEGATIONS ............................................................................. 2

III. LEGAL STANDARD.................................................................................................. 4

IV.  ARGUMENT............................................................................................................... 5

   A.  Count I Must Be Dismissed Because the EEOC Fails to Adequately Plead a Failure to Accommodate Claim Under the Pregnant Workers Fairness Act............................ 5

      1.  The EEOC Fails to Allege That Williams Could Perform the Essential Functions of Her Job with a Reasonable Accommodation.................................... 7

      2.  The EEOC Fails to Allege That Defendants Denied Williams's Reasonable Accommodation Request Because of Her Pregnancy. .......................................... 8

   B.  Count II Must Be Dismissed Because the EEOC Fails to Adequately Plead Williams' Discrimination Claim Under Title VII. .......................................................... 9

      1.  The EEOC Fails to Impute Liability on Defendants for Sex and Pregnancy Discrimination Under Title VII. .............................................................................. 10

      2.  The EEOC Fails to Allege Williams Was Performing Her Job Satisfactorily at the Time She Was Terminated........................................................................... 12

      3.  The EEOC Fails to Allege that Williams Was Treated Differently from Similarly Situated Employees Outside the Protected Class. ............................... 12

   C.  Count III Must Be Dismissed Because the EEOC Fails to Adequately Plead Williams's Retaliation Claim Under the Pregnant Workers Fairness Act. .................. 14

   D.  Count IV Must Be Dismissed Because the EEOC Fails to Adequately Plead Williams's Retaliation Claim Under Title VII. ......................................................... 16

CONCLUSION.......................................................................................................................... 17

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................... 4, 10

*Barbour v. Garland*,
   105 F.4th 579 (4th Cir. 2024) ................................................................... 14, 15, 16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................... 4, 5, 10

*Bing v. Brivo Sys., LLC*,
   959 F.3d 605 (4th Cir. 2020) ......................................................................... 10

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006)............................................................................................... 16

*Chang Lim v. Azar*,
   310 F. Supp.3d 588 (D. Md. 2018)............................................................... 11

*Daugherty v. Genesis Health Ventures of Salisbury, Inc.*,
   316 F.Supp.2d 262 (D. Md. 3004)................................................................... 8, 9

*DeJarnette v. Corning Inc.*,
   133 F.3d 293 (4th Cir.1998) ........................................................................... 10

*Dowe v. Total Action Against Poverty in Roanoke Valley*,
   145 F.3d 653 (4th Cir. 1998) ......................................................................... 16

*E.E.O.C. v. Womble Carlyle Sandridge & Rice*, LLP,
   616 Fed.Appx. 588 (4th Cir. 2015)............................................................... 7

*Gaines v. Baltimore Police Dept.*,
   657 F.Supp.3d 708 (D. Md. 2023)................................................. 10, 12, 13, 16

*Gross v. FBL Fin. Servs., Inc.*,
   557 U.S. 167 (2009)............................................................................................... 11

*Haynes v. Waste Connections, Inc.*,
   922 F.3d 219 (4th Cir. 2019) ......................................................................... 12

*Hill v. Lockheed Martin Logistics Mgmt., Inc.*,
   354 F.3d 277 (4th Cir. 2004) ......................................................................... 11

*Holmes v. e.spire Commc'ns*,
   135 F. Supp. 2d 657 (D. Md. 2001)............................................................... 9, 10

*Johnson v. United Parcel Serv., Inc.*,
   Civil Action No. SAG-17-1771,
   2020 WL 779459 (D. Md. Feb. 14, 2020)
   *aff'd*, 839 Fed. App'x 781 (4th Cir. 2021) ........................................................................ 15, 17

*Keiper v. CNN Am., Inc.*,
   Civil Action No. 24-CV-875,
   2024 WL 5119353 (E.D. Wis. Dec. 16, 2024) ........................................................................ 6

*Kloth v. Microsoft Corp.*,
   444 F.3d 312 (4th Cir.2006) ........................................................................................................ 5

*Louisiana v. Equal Employment Opportunity Comm'n*,
   784 F.Supp.3d 886 (W.D. Mich. 2025) .................................................................................... 5

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973) .................................................................................................................... 10

*Ousley v. McDonald*,
   648 F. App'x 346 (4th Cir. 2016) ............................................................................................ 11

*Papasan v. Allain*,
   478 U.S. 265 (1986) ...................................................................................................................... 4

*Parker v. Children's Nat'l Med. Ctr., Inc.*,
   Civil Action No. ELH-20-3523,
   2021 WL 5840949 (D. Md. Dec. 9, 2021) .......................................................................... 15, 17

*Payne v. W. Michigan Univ.*,
   Civil Action No. 1:24-cv-814,
   2025 WL 3165213 (W.D. Mich. Nov. 13, 2025) .................................................................... 6

*Philips v. Pitt Cnty. Mem'l Hosp.*,
   572 F.3d 176 (4th Cir. 2009) ...................................................................................................... 4

*Raucci v. Ctr. For Disability Servs.*,
   Civil Action No. MAD-19-1002,
   2020 WL 777269 (S.D.N.Y. Feb. 18, 2020) .................................................................. 15, 16, 17

*Robertson v. Amazon CEO*,
   Civil Action No. 21-cv-01832-LKG,
   2022 WL 2971953 (D. Md. Jul. 27, 2022) .............................................................................. 7

*Ruddy v. Bluestream Pro. Serv., LLC*,
   444 F. Supp. 3d 697 (E.D. Va. 2020) ................................................................................ 14, 16

*Sarraj v. N. Virginia Elec. Coop.*,
   Civil Action No. 1:21-cv-00986,
   2022 WL 2820553 (E.D. Va. July 18, 2022) .............................................................. 11

*Scherck v. Johns Hopkins Univ. Applied Physics Lab', LLC*,
   Civil Action No. CV ADC-23-1605,
   2023 WL 6311469 (D. Md. Sept. 28, 2023) ......................................................... 15, 17

*Swaso v. Onslow Cnty. Bd. of Educ.*,
   698 F.App'x 745 (4th Cir. 2017) ....................................................................... 10, 13

*Tarquinio v. Johns Hopkins Univ. Applied Physics Lab*,
   141 F.4th 568 (4th Cir. 2025) ................................................................................. 6

*Traore v. Baltimore Police Dep't*,
   Civil Action No. CV MJM-22-793,
   2023 WL 8600553 (D. Md. Dec. 12, 2023)............................................................... 11

*U.S. Equal Employment Opportunity Comm'n v. Sec. Assurance Mgmt., Inc.*,
   Civil Action No.: 25-00181 (RC),
   2025 WL 2911781 (D.D.C. Oct 14, 2025) ............................................................. 6, 8

*Varney v. Health Carousel, LLC*,
   Civil Action No. 1:24-cv-624,
   2025 WL 2605783 (S.D. Ohio Sept. 9, 2025) ....................................................... 5, 14

*Williams-Johnson v. Paris Foods Corp.*,
   Civil Action No. RDB-24-1197,
   2025 WL 2257617 (D. Md. Aug. 7, 2025) ............................................................... 10

*Young v. United Parcel Service, Inc.*,
   135 S. Ct. 1338 (2015).............................................................................................. 9

*Ziskie v. Mineta*,
   547 F.3d 220 (4th Cir. 2008) ........................................................................... 14, 16

## STATUTES

42 U.S.C. § 12101..................................................................................................... 5, 6

42 U.S.C. § 2000e-4..................................................................................................... 1

42 U.S.C. § 2000gg-1 ............................................................................................... 5, 15

## RULES

29 C.F.R. 1636.5 ......................................................................................................... 14

Federal Rule of Civil Procedure 12(b)(6), ........................................................... passim

Defendants Roland Park SNF Operations, LLC ("Roland Park") and Atlas Healthcare NJ, LLC ("Atlas"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submit the following Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint (the "Complaint") for Failure to State a Claim Upon Which Relief Can Be Granted. In addition to the grounds for dismissal detailed herein, Atlas was not Charging Party Tainah Williams's ("Williams") employer and reserves the right to seek dismissal of the Complaint against it on this basis.

## I.    INTRODUCTION

Williams is a former employee of Roland Park SNF Operations, LLC, a/k/a Roland Park Rehabilitation and Healing Center ("Roland Park" or "Defendant"). She was employed at Roland Park from approximately February 21, 2024 to May 13, 2024 as a Certified Nurse's Aide ("CNA"). In or about April 2024, Williams requested a "light duty" assignment because of her pregnancy restrictions. Williams was offered a temporary role as a receptionist until she could return to full duty but rejected that accommodation. The Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") has commenced this lawsuit on Charging Party's behalf alleging that Defendants discriminated against her on the basis of sex and pregnancy. In the Complaint, the EEOC asserts four causes of action: (1) Denial of Reasonable Accommodation in Violation of the Pregnant Workers Fairness Act of 1964 ("PWFA"); (2) Denial of Reasonable Accommodation in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e-4 *et seq.*; (3) Discharge in Violation of the PWFA; and (4) Discharge in Violation of Title VII.

Not only are the EEOC's allegations unfounded, the Complaint is devoid of any allegations that even plausibly state a cognizable claim for relief. As set forth below, the Complaint should be dismissed in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    SUMMARY OF ALLEGATIONS

Williams is a female alleging her employment with Defendant Roland Park as a CNA began in or about January 2024.[1] Defendants contend that her date of hire was February 21, 2024. Plaintiff alleges that Williams's duties as a CNA consisted of the caring for Roland Park residents by, *inter alia*, checking residents' vital signs, toileting, maintaining hygiene, and assisting nurses, and "some heavy lifting of residents."[2] The Complaint fails to plead several essential elements required to state a claim for relief.

The Complaint alleges that Williams discovered she was pregnant in April 2024.[3] Although there is no allegation as to when Williams informed Defendants of her pregnancy, Defendants contend that they were informed on or about April 24, 2024.[4] Williams asserts that her physician informed her that, due to her pregnancy and a related medical condition, she should "avoid heavy lifting, pushing and pulling, and prolonged standing until her expected delivery in early December 2024."[5] Williams provided Defendants with a note from a health care provider to the same effect.[6] The EEOC's Complaint is devoid of details regarding the accommodation, if any, requested by Williams.[7] The Complaint alleges "[w]hen making a decision concerning Ms. Williams' request for reasonable accommodation, Defendants considered the fact that they had concluded that her request was not made in connection with a disability."[8]

---

[1]    *See* ECF 1 at ¶ 22.

[2]    *Id*. at ¶¶ 23-24.

[3]    *Id*. at ¶ 24.

[4]    *See* ECF 1.

[5]    *Id.* at ¶ 25.

[6]    *Id*. at ¶¶ 25-26.

[7]    *See* ECF 1.

[8]    *Id.* at ¶ 27.

The Complaint further alleges that Roland Park's Human Resources representative (the "HR representative") prevented Williams from working in any capacity while Roland Park decided how to handle her accommodation request.[9] The Complaint also avers that between mid-April through mid-May 2024, Williams consistently communicated with the HR representative to inquire about the status of her request for "light duty," and that the HR representative explained that "they" were still deciding how to handle the request.[10] The Complaint contends that on May 13, 2024, the HR representative notified Williams that she communicated with Atlas, and that Defendants were "rejecting her request for reasonable accommodation, that they were removing her from the schedule and that she could reapply after delivery."[11] The EEOC alleges that Defendants told Williams that "they do not have light duty and there was nothing for [Williams] to do."[12]

The EEOC further claims that two (2) other employees were placed on light duty at the time Defendants decided that Williams would not be granted light duty.[13] However, the EEOC does not allege who these individuals were, their respective sexes, whether either of them were pregnant, or the nature of the disability and health care recommendations regarding restrictions or accommodations.

---

[9]    *Id*. at ¶ 28.

[10]    *Id*. at ¶ 29.

[11]    *Id.* at ¶ 30.

[12]    *Id.* at ¶ 31.

[13]    *Id.* at ¶ 32.

The EEOC contends that Defendants maintain a policy of granting light duty only to employees injured on the job.[14] The Complaint further contends that Defendants did not respond to Williams or otherwise engage in an interactive process.[15]

## III.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that a plaintiff has failed to allege sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (citations omitted).

Mere conclusory statements—such as "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"—in a complaint are insufficient to state a claim. *Ashcroft*, 566 U.S. at 678.  Similarly, although a court must accept all factual allegations as true at the motion to dismiss stage, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Twombly*, 550 U.S. at 556 (same); *Ashcroft*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("Moreover, the court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable

---

[14]    *Id*. at ¶ 33.

[15]    *Id*. at ¶ 34.

conclusions, or arguments.") (citing *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir.2006)).

Finally, to survive a motion to dismiss, the legitimate, non-conclusory "[f]actual allegations"

contained in the complaint "must be enough to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555.  The EEOC's allegations in the Complaint fall far short of meeting

these minimum standards and the Complaint should be dismissed in its entirety.

## IV.    ARGUMENT

### A.    Count I Must Be Dismissed Because the EEOC Fails to Adequately Plead a Failure to Accommodate Claim Under the Pregnant Workers Fairness Act.

The stated goal of the Pregnant Workers Fairness Act is to address "gaps in existing

legislation regarding protections for pregnant workers." *Louisiana v. Equal Employment

Opportunity Comm'n*, 784 F.Supp.3d 886, 893 (W.D. Mich. 2025).[16] "In effect, the PWFA

prohibits employers from denying employment opportunities due to a covered employee's need

for a reasonable accommodation or retaliating against an employee for requesting or using a

reasonable accommodation." *Id*. It requires employers to "make reasonable accommodations to

the known limitations related to the pregnancy, childbirth, or related medical conditions of a

qualified employee, unless such covered entity can demonstrate that the accommodation would

impose an undue hardship on the operation of the business of such covered entity." *See* 2025 WL

2605783, at *6 (citing 42 U.S.C. § 2000gg-1(1)).

The PWFA statutory language "adopts an accommodation regime similar to the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, for pregnant workers and adopts the

---

[16]    The PWFA was recently enacted in December 2022. *See Varney v. Health Carousel, LLC*, Civil Action No. 1:24-cv-624, 2025 WL 2605783, at *6 (S.D. Ohio Sept. 9, 2025). As such, there is a paucity of case law as to the PWFA in the 4th Circuit. Thus, Defendants rely on the following case law available at this time to determine the standards to be applied in connection with this Motion.

powers, remedies, and procedures of Title VII as enforcement measures." *Id*. Specifically, the Act

adopts the ADA's definitions for "reasonable accommodation" and "undue hardship," as well as

the ADA's "interactive process." *Id*. There is scant case law addressing alleged violations of the

PWFA, however. Thus, the Court should apply the same standards that would be applied to an

ADA claim for failure to accommodate under the PWFA like the EEOC's in this case. *See Payne*

*v. W. Michigan Univ.*, Civil Action No. 1:24-cv-814, 2025 WL 3165213, at \*7 (W.D. Mich. Nov.

13, 2025) ("The PWFA's novelty means that the case law interpreting it is scarce, but courts that

have entertained PWFA claims have treated them like failure-to-accommodate claims under the

[ADA]."); *Keiper v. CNN Am., Inc.*, Civil Action No. 24-CV-875, 2024 WL 5119353, \*2 (E.D.

Wis. Dec. 16, 2024) ("Congress intended the PWFA to expand protections for pregnant employees

and modeled it largely off the [ADA]").

The United States District Court for the District of Columbia has applied the ADA standard

for failure to accommodate when addressing an alleged PWFA failure to accommodate claim: "(a)

[plaintiff] had a pregnancy, childbirth, or related medical condition; (b) that [d]efendant had notice

of [plaintiff's] condition; (c) [plaintiff] could perform the essential functions of her job with or

without reasonable accommodation; (d) and [d]efendant denied [plaintiff's] reasonable-

accommodation request because of that condition." *U.S. Equal Employment Opportunity Comm'n*

*v. Sec. Assurance Mgmt., Inc.*, Civil Action No.: 25-00181 (RC), 2025 WL 2911781, at \*4 (D.D.C.

Oct 14, 2025). These factors are like the Fourth Circuit's interpretation of the elements necessary

to establish a failure to accommodate claim under the ADA. *See e.g. Tarquinio v. Johns Hopkins*

*Univ. Applied Physics Lab,* 141 F.4th 568, 573 (4th Cir. 2025) ("To make out a failure-to-

accommodate claim, [the plaintiff] had to show that "(i) she was disabled, (ii) the employer had

notice of her disability, (iii) she could perform the essential functions of her position with a

reasonable accommodation, and (iv) the employer refused to make such accommodation."). As such, the Court should use these elements to evaluate the EEOC's claim in the within action.

Here, Defendants do not contest that Williams was pregnant and that Defendants had notice of her pregnancy. However, the EEOC does not plead the two (2) remaining, required elements of the failure to accommodate claim: (i) that she could perform the essential functions of her job; and (ii) that Defendants refused to accommodate Williams because of her pregnancy.

**1.    The EEOC Fails to Allege That Williams Could Perform the Essential Functions of Her Job with a Reasonable Accommodation.**

Essential functions of a job "are functions that bear more than a marginal relationship to the job." *E.E.O.C. v. Womble Carlyle Sandridge & Rice*, LLP, 616 Fed.Appx. 588, 594 (4th Cir. 2015). The Fourth Circuit has held that "[t]he plaintiff 'bears the burden of demonstrating that [the complainant] could perform the essential functions of her job.'" *Id.* To survive a motion to dismiss, a plaintiff must make allegations regarding the essential functions of the subject position and allege that plaintiff could perform these essential functions with a reasonable accommodation. *See Robertson v. Amazon CEO*, Civil Action No. 21-cv-01832-LKG, 2022 WL 2971953, at *4 (D. Md. Jul. 27, 2022).

Here, the EEOC does not make a single allegation that Williams could perform the essential functions of her job with a reasonable accommodation. At most, the EEOC explains Williams' general responsibilities as a CNA, which included "some heavy lifting of residents."[17] However, Plaintiff does not allege which responsibilities were essential or how Williams could perform any of her responsibilities with a reasonable accommodation. By way of request, the EEOC points to Williams' communication to Roland Park that her doctor instructed her to "avoid heavy lifting,

---

[17]    *See* ECF 1 ¶¶ 23-24.

pushing and pulling, and prolonged standing until her expected delivery in early December 2024."[18] These general restrictions neither explain the accommodations requested nor explain how Williams could continue to perform the essential functions of her position. The EEOC also does not provide any detail regarding the type of accommodation Williams was specifically requesting.[19] Absent these required allegations, the EEOC's claim cannot survive and must be dismissed.

> **2.    The EEOC Fails to Allege That Defendants Denied Williams's Reasonable Accommodation Request Because of Her Pregnancy.**

As discussed above, the EEOC must establish that Defendants denied Williams's request for accommodation because she was pregnant. *See Sec. Assurance Mgmt., Inc.*, 2025 WL 2911781, at *4. Notably, the Complaint is devoid of any allegations relating to the denial of an accommodation and Williams's pregnancy. Even if the EEOC provided sufficient facts to survive this motion, this Court's decision in *Daugherty v. Genesis Health Ventures of Salisbury, Inc.*, 316 F.Supp.2d 262 (D. Md. 3004) is instructive, and causes the EEOC's claims to fail as a matter of law.

The plaintiff in *Daugherty* was a CNA at a nursing home. *See Id.* at 262. She was terminated because her employer, defendant Genesis, could not accommodate her request for light duty. Plaintiff Daugherty alleged that defendant Genesis discriminated against her in violation of the PDA because the defendant would not accommodate lifting and other restrictions on her ability to perform the essential functions of her job in consequence of her pregnancy." *Id.* at 263. Notably,

---

[18]    *Id.* at ¶ 25.

[19]    *See* ECF 1.

defendant Genesis had a longstanding policy of offering light duty work only to employees injured on the job. *See Id.*

This Court held that the employer's failure to provide light duty assignments was not a violation of the PDA because the employer was not required to treat pregnancy-related limitations more favorably than other temporary disabilities. *See Id.* at 265. Specifically, this Court explained that the nursing home's policy was "rooted in the economic realities of the nursing home industry, i.e., that it is justified by 'business necessity.'" *Id.* at 264.[20] This Court also acknowledged that "[f]ailure to provide a sufficient staff of nursing assistants who are able to give direct patient care, which involves, among other things, lifting and transporting patients, could jeopardize [defendant's] license to operate as a long-term care facility." *Id.* Therefore, not only does the EEOC's failure to plead any connection between Williams' pregnancy and Defendants' rejection of her request prevent the EEOC's claim from surviving a 12(b)(6) motion, but controlling case law also confirms that Defendants acted appropriately under the law in light of its business necessities and their effort to treat all workers equally.

### B.    Count II Must Be Dismissed Because the EEOC Fails to Adequately Plead Williams' Discrimination Claim Under Title VII.

The EEOC asserts that Defendants discriminated against Williams on the basis of sex and pregnancy under Title VII by failing to provide her a reasonable accommodation. The EEOC's discrimination claims are analyzed under the same Title VII framework as other discrimination claims. There is no separate standard for pregnancy discrimination. *See Holmes v. e.spire Commc'ns*, 135 F. Supp. 2d 657, 661 (D. Md. 2001) (citing *DeJarnette v. Corning Inc.*, 133 F.3d

---

[20] Defendants do not find that *Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338 (2015) disturbs this Court's ruling in *Daugherty* because it did not invalidate the overarching policy that directs employers to treat pregnancy the same as all other non-work-related disabilities.

293, 297 (4th Cir.1998)) ("[a] claim of discrimination on the basis of pregnancy must be analyzed in the same manner as any other sex discrimination claim brought pursuant to Title VII."). Under this standard, a plaintiff may establish a violation under Title VII either through: (1) direct or circumstantial evidence of discrimination; or (2) relying "on the burden shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Holmes,* 135 F. Supp. 2d at 661; *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F.App'x 745, 747 (4th Cir. 2017), as amended (Aug. 11, 2017).

For purposes of a motion to dismiss, a plaintiff is not required to plead a *prima facie* case of discrimination under Title VII. *See Gaines v. Baltimore Police Dept.*, 657 F.Supp.3d 708, 734 (D. Md. 2023). Instead, "[a] plaintiff generally must allege: "'(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class.'" *Id.* at 734-35; *see Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616-17 (4th Cir. 2020); *see also Williams-Johnson v. Paris Foods Corp.*, Civil Action No. RDB-24-1197, 2025 WL 2257617, at *3-4 (D. Md. Aug. 7, 2025). Notably, "[w]hile a plaintiff need not plead a prima facie case to survive a motion to dismiss, a Title VII complaint is still subject to dismissal if it does not meet the ordinary pleadings standard under *Twombly* and *Iqbal*." *Swaso*, 698 Fed. Appx. at 747. Defendants do not contest that the EEOC alleged that Williams was a member of protected classes (*i.e.*, a female and pregnant) as well as the fact that she alleged an adverse employment action. However, the EEOC otherwise fails to sufficiently plead facts to support a discrimination claim under Title VII.

### 1.     The EEOC Fails to Impute Liability on Defendants for Sex and Pregnancy Discrimination Under Title VII.

As a threshold matter, "[g]enerally, employers are liable only for the acts of employees with supervisory authority who are empowered to make 'tangible employment decisions.'" *Ousley*

*v. McDonald*, 648 F.App'x 346, 348 (4th Cir. 2016) (quoting *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 287 (4th Cir. 2004) (holding that an employer is not liable when "an improperly motivated person ... merely influences the decision"), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)). Courts have dismissed a plaintiff's complaint against an employer for Title VII discrimination where the plaintiff fails to identify a formal or actual decision-maker motivated by unlawful animus who decided to terminate plaintiff's employment. *See, e.g., Sarraj v. N. Virginia Elec. Coop.,* Civil Action No. 1:21-cv-00986, 2022 WL 2820553, at *5 (E.D. Va. July 18, 2022)*; Chang Lim v. Azar*, 310 F.Supp. 3d 588, 603 (D. Md. 2018) (dismissing on 12(b)(6) motion plaintiff's discriminatory termination claim against employer where plaintiff's supervisor, the sole person alleged to harbor discriminatory animus and who made disparaging remarks about plaintiff's national origin, was not alleged to be the formal or actual decision-maker); *Traore v. Baltimore Police Dep't*, Civil Action No. CV MJM-22-793, 2023 WL 8600553, **9-10 (D. Md. Dec. 12, 2023) (holding plaintiff failed to support a Title VII discriminatory termination claim where plaintiff merely alleged the individual harboring animus was one among several individuals who "substantially" participated in the "process" that resulted in plaintiff's termination).

Here, the EEOC does not allege who Williams believes was involved in the decision to terminate her and/or who has the authority to make such decision related to her employment.[21] The EEOC merely alleges: "Finally, on May 13, 2024, Defendant Roland Park SNF's Human Resources representative notified Williams that having conferred with Defendant Atlas Healthcare, Defendants were rejecting her request for reasonable accommodation, that they were

---

[21]     *See* ECF 1.

removing her from the schedule, and that she could reapply after her delivery."[22]   In these allegations, the EEOC failed to identify any individual involved in the decision terminate Williams's employment, who had the authority to terminate her and had the requisite discriminatory animus, or any individual, in general, that had any discriminatory animus towards Plaintiff.[23] Accordingly, the facts alleged in the Complaint are insufficient to support Defendants' liability for Title VII discriminatory termination on any basis and this motion should be granted.

### 2. The EEOC Fails to Allege Williams Was Performing Her Job Satisfactorily at the Time She Was Terminated.

The EEOC is also required to plead that Williams's performance was satisfactory at the time of the adverse action. Under Title VII, a plaintiff only needs to show that he or she was qualified for the job and that he was meeting his employer's legitimate expectations. *See Gaines*, 657 F.Supp.3d at 735; *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019). Even a most liberal search of the Complaint fails to demonstrate a single fact alleging that Williams performed her job duties to Defendants' satisfaction. Under 12(b)(6), The EEOC's failure to plead this element, alone, requires dismissal.

### 3. The EEOC Fails to Allege that Williams Was Treated Differently from Similarly Situated Employees Outside the Protected Class.

A plaintiff relying upon comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination, must demonstrate that the comparator is similarly situated in all relevant aspects. *See Gaines*, 657 F.Supp.3d at 735. This comparator element "is met if similarly situated employees outside the protected class received more favorable treatment. *Id*. (citing

---

[22]    *Id.* at ¶ 30.

[23]    *See* ECF 1.

*Swaso*, 698 Fed. Appx. at 747). Should a plaintiff wish to prove that a defendant's legitimate, non-discriminatory explanation is pretext by pointing to other employees who were treated differently, '[t]he similarity between comparators ... must be clearly established in order to be meaningful.'" *Gaines*, 657 F.Supp.3d at 735-36 (citing *Swaso*, 698 Fed. Appx. at 748). Similarities include "that the employees 'dealt with the same supervisor, [were] subject to the same standards and ... engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Gaines*, 657 F.Supp.3d at 736. In other words, the question is "whether there are sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury to reach an inference of discrimination." *Id*. (internal quotations omitted). Although the "similarly situated analysis" typically occurs when establishing a prima facie case of discrimination, at the 12(b)(6) stage the plaintiff must identify the proposed comparator and establish a plausible basis for believing the employee was actually similarly situated. *Id*.

In this case, the EEOC alleges that at about the time Williams was denied light duty, two (2) other employees were placed on light duty by Defendants.[24] But, the EEOC fails to allege any facts to establish a plausible basis for believing these two (2) employees were actually similarly situated to Williams. *See Gaines*, 657 F.Supp.3d at 736. The Complaint is silent as to their names, their sexes, why they were allegedly placed on light duty, whether they were pregnant, or if they had the same supervisor, held the same position, or performed the same duties as Williams. *See Id*. Without this information plead in the Complaint, it is impossible to determine if these

---

[24]    *See* ECF 1 at ¶ 32.

individuals were similarly situated under the law. Therefore, the EEOC's discrimination claim fails on this basis as well.

### C. Count III Must Be Dismissed Because the EEOC Fails to Adequately Plead Williams's Retaliation Claim Under the Pregnant Workers Fairness Act.

The PWFA provides that it is unlawful for a covered entity to "take adverse action in terms, conditions, or privileges of employment against a qualified employee on account of the employee requesting or using a reasonable accommodation to the known limitations related to the pregnancy, childbirth, or related medical conditions of the employee." 42 U.S.C.A. § 2000gg-1. Courts addressing PWFA retaliation claims have applied the framework for a retaliation claim under Title VII. *See Varney*, 2025 WL 2605783, at *6; *see also* 29 C.F.R. 1636.5(f)-(f)(1) ("The types of conduct prohibited, the standard for determining what constitutes retaliatory conduct, and the individuals protected under the PWFA are the same as they are under Title VII."). This Court should also apply the Title VII analysis to the PWFA retaliation claim.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate three (3) elements: (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between the protected activity and the adverse action. *Ruddy v. Bluestream Pro. Serv.*, *LLC*, 444 F. Supp. 3d 697, 712 (E.D. Va. 2020) (citing *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008)); *see Barbour v. Garland*, 105 F.4th 579, 589-90 (4th Cir. 2024). To adequately plead a Title VII retaliation claim, the complaint must allege facts supporting a plausible inference that the employer took an adverse employment action against plaintiff because of the plaintiff's protected activity. *Id.*, 105 F.4th at 590.

Controlling Title VII case law weighs against a finding that a request for a pregnancy-related accommodation is a protected activity. *See e.g. Parker v. Children's Nat'l Med. Ctr., Inc.*,

Civil Action No. ELH-20-3523, 2021 WL 5840949, \*22 (D. Md. Dec. 9, 2021) (granting former employer's 12(b)(6) motion to dismiss as to plaintiff's Title VII pregnancy-based retaliation claim and concluding that a request to accommodate a pregnancy, made without any simultaneous complaint of discrimination was not a protected activity); *Scherck v. Johns Hopkins Univ. Applied Physics Lab', LLC*, No. CV ADC-23-1605, 2023 WL 6311469, at \*4 (D. Md. Sept. 28, 2023); *Johnson v. United Parcel Serv., Inc.*, No. SAG-17-1771, 2020 WL 779459, at \*6, n.9 (D. Md. Feb. 14, 2020) ("A mere request for accommodation is not a protected activity under Title VII"), *aff'd*, 839 Fed.App'x 781 (4th Cir. 2021); *see also Raucci v. Ctr. For Disability Servs.*, Civil Action No. MAD-19-1002, 2020 WL 777269, \*4-5 (S.D.N.Y. Feb. 18, 2020) (request for accommodation for pregnancy without complaint of discrimination, was not a protected activity)). However, the statutory language of the PWFA makes plain that such a request is likely sufficient to establish engagement in protected activity. The PWFA specifically prevents retaliation for "requesting or using a reasonable accommodation to the known limitations related to the pregnancy, childbirth, or related medical conditions of the employee." 42 U.S.C.A. § 2000gg-1(5).

Thus, Defendants focus on the remaining two (2) elements of a retaliation claim under Title VII: (i) whether the employer took an adverse employment action against Williams; and (ii) if there was a causal connection between the protected activity and the adverse action for their Rule 12(b)(6) Motion. Defendants do not contest, for purposes of the retaliation claim under the PWFA only, that Williams engaged in a protected activity and experienced an adverse employment action.

In this case, the EEOC does not specifically allege that Defendants terminated Williams because she requested a pregnancy accommodation. *See Barbour*, 105 F.4th at 590. Thus, the EEOC's claim of retaliation under the PWFA fails because a plausible inference cannot be drawn between Williams's termination and requesting an accommodation as currently pleaded.

15

**D.     Count IV Must Be Dismissed Because the EEOC Fails to Adequately Plead Williams's Retaliation Claim Under Title VII.**

To establish a retaliation claim under Title VII, a plaintiff must demonstrate three elements: (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between the protected activity and the adverse action. *See Ruddy*, 444 F. Supp. 3d at 712 (citing *Ziskie*, 547 F.3d at 229).  The complaint must allege facts supporting a plausible inference that the employer took an adverse employment action against plaintiff because of the plaintiff's protected activity. *See Barbour*, 105 F.4th at 590.

Protected activity does not include "generalized employment related complaints unrelated to Title VII/PDA-prohibited discrimination." *Gaines*, 657 F. Supp. 3d at 743; *Ruddy*, 444 F. Supp. 3d at 712; s*ee also Raucci*, 2020 WL 777269, at **4-5. An adverse action under the second prong is only one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination" (i.e., termination, demotion, or other significant changes in employment status). *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Last, to prove causation, a plaintiff must show that the adverse action was taken <u>because</u> *of* the protected activity. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998). Here, Plaintiff claims that Defendants retaliated against Williams for requesting a pregnancy accommodation, in violation of Title VII.

Fatal to its case, the EEOC failed to allege that Williams had engaged in a protected activity within the meaning of Title VII anywhere in the Complaint and specifically fails to allege a single instance where Williams complained about pregnancy-related discrimination prior to her termination. the EEOC also fails to allege who participated in the decision to terminate Williams.[25]

---

[25]     *See* ECF 1.

16

Additionally, the weight of the authority in this Circuit maintains that requests for pregnancy-related accommodation <u>unaccompanied</u> by a discrimination complaint at the time of the request are not protected conduct for purposes of a pregnancy-based retaliation claim. *See e.g. Parker*, 2021 WL 5840949, at \*22 (granting former employer's 12(b)(6) motion to dismiss as to plaintiff's Title VII pregnancy-based retaliation claim and concluding that a request to accommodate a pregnancy, made without any simultaneous complaint of discrimination was not a protected activity); *Scherck*, 2023 WL 6311469, at \*4; *Johnson,* 2020 WL 779459, at \*6, n. ("A mere request for accommodation is not a protected activity under Title VII"), *aff'd*, 839 F.App'x 781 (4th Cir. 2021); *see also Raucci*, 2020 WL 777269, at \*\*4-5 (request for accommodation for pregnancy without complaint of discrimination, was not a protected activity).

These Courts have determined that plain pregnancy accommodation requests do not involve "opposition to any suspected violation of Title VII or discriminatory behavior." *Parker*, 2021 WL 5840949, at \*22. Because the EEOC does not allege, and Williams could not have engaged in, any protected activity by requesting a pregnancy accommodation (it is not a protected activity under Title VII), the EEOC's claim fails and must be dismissed as a matter of law. In a nutshell, the EEOC's retaliation claim cannot survive a motion to dismiss under 12(b)(6) because Williams did not engage in any protected activity to form the basis of retaliation.

**CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety, with prejudice; together with such other and further relief as the Court deems just and proper.

DATE: January 23, 2026                    **CLARK HILL PLC**

*~of counsel~*

                                                           */s/ Jack R. McCaffrey*

Vanessa M. Kelly, admitted *pro hac vice*        Jack R. McCaffrey (No. 30737)

17

Alexandra M. MacDonald, *pro hac vice pending*
210 Carnegie Center, Ste. 102
Princeton, NJ  08540
T: (609) 785-2968
F: (609) 785-2999
E: vkelly@clarkhill.com
ammacdonald@clarkhill.com

1001 Pennsylvania Avenue, NW, Ste. 1300 S.
Washington, DC  20004
T: (202) 640-6675
F: (202) 772-0919
E: jmccaffrey@clarkhill.com

*Attorneys for Defendants*

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically via the Court's CM/ECF system on January 23, 2026. Notice of this filing will automatically be sent to all parties by operation of the Court's electronic filing system.

*/s/ Jack R. McCaffrey*
Jack R. McCaffrey