**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-2986 SAG |
| ROLAND PARK SNF OPERATIONS, LLC, aka ROLAND PARK REHABILITATION AND HEALING CENTER, ATLAS HEALTHCARE NJ, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR MOTION TO DISMISS THE COMPLAINT**

---

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

I.     THE EEOC'S COMPLAINT FAILS TO SATISFY GOVERNING
       PLEADING STANDARDS AS TO ALL CLAIMS ........................................................... 1

II.    THE EEOC DID NOT ADEQUATELY PLEAD ITS CLAIMS UNDER THE PWFA ... 3

       A.     The Complaint Fails to Plausibly Allege that Williams was a Qualified
              Employee or That She Could Perform the Essential Functions of Her Position
              with Reasonable Accommodation ............................................................................. 3

              1.     The EEOC Cannot Allege that Williams Was a Qualified Employee
                     Under the PWFA Through Its Opposition Brief......................................... 3

              2.     The EEOC Did Not Properly Plead that Williams Was a Qualified
                     Employee Under the PWFA ....................................................................... 4

       B.     Pleading Causation is Required To Assert Claims Under the PWFA ................... 6

III.   THE EEOC FAILED TO PLEAD ITS CLAIMS UNDER TITLE VII ............................ 7

       A.     The EEOC, Admittedly, Did Not Plead that Williams Performed Her Job to
              Roland Park's Satisfaction, as Necessary for Plaintiff's Claims Under Title
              VII. ........................................................................................................................... 7

       B.     The EEOC Did Not Plead Sufficient Allegations As to  Comparators, as
              Required Under Its Title VII Claims. ..................................................................... 8

       C.     Speculation Cannot Properly Impute Liability ....................................................... 9

CONCLUSION............................................................................................................................. 10

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................... 2, 6, 9, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................. passim

*Chang Lim v. Azar*,
   310 F.Supp.3d 588 (D. Md. 2018)..................................................................... 11

*Daugherty v. Genesis Health Ventures of Salisbury, Inc.*,
   316 F.Supp.2d 262 (D. Md. 2004).................................................................. 6, 12

*DeJarnette v. Corning Inc.*,
   133 F.3d 293 (4th Cir. 1998) ......................................................................... 2, 8, 9

*Gaines v. Baltimore Police Dept.*,
   657 F.Supp.3d 708 (D. Md. 2023)................................................................. 8, 9, 10

*McCleary-Evans v. Maryland Dept. of Transp., State Highway Admin.*,
   780 F.3d 582 (4th Cir. 2015) ............................................................................. 2

*McCleary-Evans v. Md. Dep't of Transp.*,
   780 F.3d 582 (4th Cir. 2015) ........................................................................... 11

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973)........................................................................................ 1, 9

*Peeples v. Coastal Office Products, Inc.*,
   203 F.Supp.2d 432 (D. Md. 2002)....................................................................... 7

*Philips v. Pitt Cnty. Mem'l Hosp.*,
   572 F.3d 176 (4th Cir. 2009) ............................................................................. 3

*Robertson v. Amazon CEO*,
   No. 21-cv-01832-LKG,
   2022 WL 2971953 (D. Md. Jul. 27, 2022) ...................................................... 4, 5, 7

*Traore v. Baltimore Police Dep't*,
   No. MJM-22-793,
   2023 WL 8600553 (D. Md. Dec. 12, 2023).............................................................. 11

*U.S. Equal Employment Opportunity Comm'n v. Sec. Assurance Mgmt., Inc.*,
   No.: 25-00181 (RC),
   2025 WL 2911781 (D.D.C. Oct. 14, 2025) ...................................................... 3, 4, 5

*United States ex rel. Sheldon v. Forest Laboratories, LLC*,
   754 F.Supp.3d 615 (D. Md. 2024) ..................................................................................... 4, 9

*Varney v. Health Carousel, LLC*,
   No. 1:24-cv-624,
   2025 WL 260 5783 (S.D. Ohio Sept. 9, 2025) .......................................................................... 6

*Young v. United Parcel Service, Inc.*,
   135 S. Ct. 1338 (2015) .......................................................................................................... 9

## STATUTES

42 U.S.C.A. § 2000gg ................................................................................................................ 5

42 U.S.C.A. § 2000gg-1(a)(5) ................................................................................................... 7

## RULES

Federal Rule of Civil Procedure 12(b)(6), ........................................................................... 1, 10, 11

Federal Rule of Civil Procedure 8(a) ......................................................................................... 2

iii

Defendants Roland Park SNF Operations, LLC ("Roland Park") and Atlas Healthcare NJ, LLC ("Atlas"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submit the following Reply Memorandum of Law in Further Support of their Motion to Dismiss Plaintiff's Complaint (the "Complaint") for Failure to State a Claim Upon Which Relief Can Be Granted. In addition to the grounds for dismissal detailed herein, Atlas was not Charging Party Tainah Williams's ("Williams") employer and reserves the right to seek dismissal of the Complaint against it on this basis.

## I.      THE EEOC'S COMPLAINT FAILS TO SATISFY GOVERNING PLEADING STANDARDS AS TO ALL CLAIMS.

Point I of Plaintiff EEOC's ("Plaintiff" or "EEOC") opposition ("Point I") conflates the pleading standards applicable to Title VII claims and Pregnant Workers Fairness Act ("PWFA") claims. Specifically, the EEOC argues that, overall, it is not required to plead a *prima facie* case under the *McDonell Douglas* (1973) burden shifting framework but fails to limit its argument to Title VII claims only. In their moving papers, Defendants acknowledged (and the EEOC agreed) that a plaintiff is not required to make out a *prima facie* case at the pleading stage for Title VII claims. However, the EEOC ignores that its failure to accommodate claim under the PWFA should be analyzed under the same standard as under the Americans with Disabilities Act ("ADA") which requires the EEOC to plead a *prima facie* case. The EEOC mischaracterizes Defendants' arguments and misstates the pleading standards for the PWFA. In fact, in Point I, the EEOC only cites to case law involving Title VII, not the ADA, and the EEOC did not address the pleading requirement for its failure to accommodate whatsoever.

Moreover, the EEOC insists that it did not plead retaliation claims under the PWFA or Title VII, but rather only a claim for discriminatory discharge. Even accepting the EEOC's labeling of the claim, it only highlights a fundamental problem with the Complaint: it does not plead facts that

plausibly connect Williams's termination to pregnancy-based discrimination. *See DeJarnette v. Corning Inc.*, 133 F.3d 293, 297 (4th Cir. 1998) ("In a pregnancy discrimination case, the plaintiff thus bears the ultimate burden of establishing that the defendant discriminated against her 'because of' her pregnancy.'); *see also McCleary-Evans v. Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 583 (4th Cir. 2015) (affirming dismissal because the complaint failed to plausibly allege discriminatory intent). The Complaint fails because it does not meet the pleading requirements under *Twombly* and *Iqbal* in that the inferences that the EEOC is requesting the Court to draw are not reasonable and are far too speculative. *See e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The absence of a *prima facie* case pleading requirement for Title VII claims does not eliminate the independent pleading obligations imposed by Federal Rule of Civil Procedure 8(a) and controlling Supreme Court precedent. *See*, *e.g.*, *Iqbal*, 556 U.S. 662 (2009); *Twombly*, 550 U.S. 544 (2007). A complaint must still contain sufficient factual matter to state a claim that is plausible on-its-face. *Twombly*, 550 U.S. at 570. Throughout its opposition, the EEOC confirms that the Complaint heavily relies upon inference. However, the Court is not required to credit unwarranted inferences or supply missing factual allegations. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Thus, the EEOC's complaint fails to meet the proper pleading standards as to all claims. Instead, it relies on unwarranted inference and invites speculation to fill the pleading gaps. As such, the complaint should be dismissed in its entirety.

II.     **THE EEOC DID NOT ADEQUATELY PLEAD ITS CLAIMS UNDER THE PWFA.**

A.      **The Complaint Fails to Plausibly Allege that Williams was a Qualified Employee or That She Could Perform the Essential Functions of Her Position with Reasonable Accommodation.**

As discussed earlier, the EEOC generally concedes that the Court should apply the ADA failure to accommodate framework to its failure to accommodate claim under the PWFA. Where the parties differ is that the EEOC argues that the PWFA's definition of "qualified employee" should be the threshold assessment prior to analyzing whether Williams could perform the essential functions of her job with reasonable accommodation. *See U.S. Equal Employment Opportunity Comm'n v. Sec. Assurance Mgmt., Inc.*, Civil Action No.: 25-00181 (RC), 2025 WL 2911781, at *4 (D.D.C. Oct. 14, 2025). However, despite Plaintiff's assertion that this threshold analysis is required, the Complaint still fails to allege that: (i) Williams was a qualified employee under the PWFA, (ii) what the essential functions of her position were; (iii) and that she could perform the essential functions of her job with reasonable accommodation. *See id.*; *Robertson v. Amazon CEO*, Civil Action No. 21-cv-01832-LKG, 2022 WL 2971953, at *4 (D. Md. Jul. 27, 2022).

1.      **The EEOC Cannot Allege that Williams Was a Qualified Employee Under the PWFA Through its Opposition Brief.**

Although the EEOC contends that Williams must be considered a qualified employee under the PWFA, the Complaint still fails to allege as much. Indeed, the EEOC attempts to fill in the gaps in its pleading by asserting additional facts in its opposition brief. However, in the Fourth Circuit, "[i]t is well settled that a plaintiff may not cure a defect in the complaint or otherwise amend a complaint by way of opposition briefing." *United States ex rel. Sheldon v. Forest Laboratories, LLC*, 754 F.Supp.3d 615, 637 (D. Md. 2024). Although the EEOC now contends that Williams would, presumably, be able to perform the functions of her position within forty (40)

3

weeks and that the essential functions of Williams's job could be temporarily suspended, they did not plead any of these facts. Therefore, Count I of the Complaint should be dismissed on this basis.

### 2.    The EEOC Did Not Properly Plead that Williams Was a Qualified Employee Under the PWFA.

Regardless of the EEOC's attempts to rehabilitate its pleading through briefing, the EEOC still fails to plead on the face of the complaint that Williams was a qualified employee under the PWFA because it fails to allege that (i) Williams's inability to perform an essential function was for a temporary period (ii) the essential function of Williams's position could be performed in the near future; (iii) and Williams's inability to perform the essential function could be reasonably accommodated. *See* 42 U.S.C.A. § 2000gg. Viewing the Complaint most liberally, while the EEOC explains Williams's job duties, it does not adequately allege which of her duties were essential functions of her position. *See Robertson*, 2022 WL 2971953, at *4. Further, the EEOC also fails to allege that Williams affirmatively could perform the essential functions of her job following delivery or even following maternity leave.

A glaring hole in the EEOC's argument is that the Complainant fails to allege that Williams's inability to perform the essential functions of her position could be reasonably accommodated by Roland Park, or that she could perform the essential functions of her job with accommodation. *See Id.; see Sec. Assurance Mgmt., Inc.*, 2025 WL 2911781, at *4.  The EEOC contends it satisfies the qualified person pleading requirement because Williams could have been placed on light duty. However, the EEOC fails to acknowledge that the PWFA requires employers to "make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of a qualified employee, <u>unless such covered entity can demonstrate</u> <u>that the accommodation would impose an undue hardship on the operation of the business of such</u>

4

covered entity. *See Varney v. Health Carousel, LLC*, Civil Action No. 1:24-cv-624, 2025 WL 260 5783, at *6 (S.D. Ohio Sept. 9, 2025) (emphasis added).

As discussed in Defendants' moving papers, *Daugherty v. Genesis Health Ventures of Salisbury, Inc.*, 316 F.Supp.2d 262 (D. Md. 2004) explains why the EEOC's light duty argument fails: Williams's inability to perform essential functions of her job could jeopardize Roland Park's facility licensing, creating an undue hardship for the business. *Id*. at 264. Clearly, Defendants' ability to maintain its license, a legitimate business necessity, was a legitimate reason to deny Williams's accommodation request. *Id*. Thus, the Complaint should be dismissed for that reason, alone.

Should this Court determine that the Complaint should not be dismissed on that basis at this time, the Complaint should be dismissed because the EEOC fails to state a claim that is "plausible on its face," meaning that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The EEOC has not done so because the Complaint never alleges that Williams's inability to perform the essential functions of her job could be reasonably accommodated, nor does it provide adequate detail as to the extent of her restrictions to assess what sort of accommodation Williams was seeking. *See Robertson* at 2022 WL 2971953, at *4. Although the EEOC argues it is unnecessary to allege such facts, the authority it proffers in support of its argument is not binding. Further, the EEOC's argument does not fix the pleading issue at hand – namely, the EEOC's heavy reliance on speculation and unwarranted inferences. *See Peeples v. Coastal Office Products, Inc.*, 203 F.Supp.2d 432, 460 n.18 (D. Md. 2002). Without meeting the pleading requisites, the Complaint, particularly Count I, cannot survive this motion to dismiss.

**B.**      **Pleading Causation is Required to Assert Claims Under the PWFA.**

The EEOC contends that discriminatory motivation is not required to plead a failure to accommodate claim under the PWFA. This is misguided. The statute, itself, uses "because of" language:

> It shall be an unlawful employment practice for a covered entity to—
> …
> (5) take adverse action in terms, conditions, or privileges of employment against a qualified employee *on account of* the employee requesting or using a reasonable accommodation to the known limitations *related to* the pregnancy, childbirth, or related medical conditions of the employee.

42 U.S.C.A. § 2000gg-1(a)(5) (emphasis added). Clearly, the adverse employment action must occur because of the protected limitation or accommodation request, and such request must relate to the pregnancy, childbirth, or related medical conditions of the employee. Therefore, because the EEOC failed to plead the link between the requested accommodation, her pregnancy, and her termination, the Complaint must be dismissed.

Further, as for the EEOC's discriminatory discharge claim, the causation requirement still applies. Without more linking Williams's pregnancy to the termination of employment, the EEOC's allegations as to both of its claims under the PWFA are far too speculative and require unwarranted inference. Accordingly, the logical leaps the court must take to determine that Williams was terminated do not meet applicable pleading standards. *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.") Therefore, dismissal of Plaintiff's PWFA failure to accommodate and discriminatory discharge claims are warranted.

6

III.    **THE EEOC FAILED TO PLEAD ITS CLAIMS UNDER TITLE VII.**

A.    **The EEOC, Admittedly, Did Not Plead that Williams Performed Her Job to Roland Park's Satisfaction, as Necessary for Plaintiff's Claims Under Title VII.**

Given that "[a] claim of discrimination on the basis of pregnancy must be analyzed in the same manner as any other sex discrimination claim brought pursuant to Title VII," the EEOC is required to allege satisfactory performance. *See DeJarnette*, 133 F.3d at 297. As discussed in Defendants moving papers, "[t]o prevail on a claim for race or sex discrimination under Title VII, a plaintiff generally must allege (1) membership in a protected class; (2) *satisfactory job performance*; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. *Gaines v. Baltimore Police Dept.*, 657 F.Supp.3d 708, 734-35 (D. Md. 2023) (emphasis added). The EEOC admits that it did not plead that Williams performed her job satisfactorily. Instead, it contends that it is "reasonable to infer" that Roland Park was satisfied with Williams's performance because Roland Park did not prevent her from doing her job or terminate her employment until after Roland Park learned of her limitations. However, continued employment does not equate to satisfactory performance. Additionally, with these assertions, the EEOC, again, attempts to fill the gaps in the Complaint through its opposition brief by telling the court to make an inference it could not glean from the facts alleged. Further, the EEOC violates applicable pleading standards by requiring this Court to speculate and make unwarranted inferences to make up for its failure to properly allege such a fact. *See Iqbal*, 556 U.S. 662 (2009); *Twombly*, 550 U.S. 544 (2007); *United States ex rel. Sheldon*, 754 F.Supp.3d at 637; *Gaines*, 657 F.Supp.3d at 735.

The EEOC asserts that it is not required to plead that Williams performed her job to Roland Park's satisfaction, stating that pleading a *prima facie* case under *McDonnell Douglas* is not required at this juncture. Yet, the EEOC concedes that for a failure to accommodate claim under

7

Title VII, the applicable pleading standard as stated in in *Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338 (2015), which *does* require a *prima facie* case. This contradictory assertion highlights the lack of facts alleging satisfactory performance and general failure to properly plead a failure to accommodate claim under Title VII. However, even if this Court determines that the *Young* analysis applies, the EEOC still fails to plead the required elements per *Young*. Specifically, as discussed below, the EEOC has failed to adequately allege that Roland Park accommodated others similarly in their ability or inability to work. This is insufficient to satisfy the *Young* or *Gaines* standard.

> **B.    The EEOC Did Not Plead Sufficient Allegations as to Comparators, as Required Under Its Title VII Claims.**

As discussed, a pregnancy discrimination claim "must be analyzed in the same manner as any other sex discrimination claim brought pursuant to Title VII." *See DeJarnette*, 133 F.3d at 297. Therefore, a plaintiff must allege different treatment from similarly situated employees outside the protected class, and comparator evidence is required. *Gaines,* 657 F.Supp.3d at 735. Importantly, the EEOC does not dispute that comparator evidence is required. But it reasons that an inference or speculation may suffice as this stage in the pleading.

Defendants maintain their position that, at the 12(b)(6) stage, a plaintiff relying on comparator-based disparate treatment must "identify the proposed comparator and establish a plausible basis for believing [the employee was] actually similarly situated." *Gaines*, 657 F.Supp.3d at 736. The EEOC makes a broad, conclusory allegation that Defendant denied Williams "one or more reasonable accommodations … that Defendants did provide to other nonpregnant employees similar in their ability or inability to work." Compl. ¶ 41. *See Iqbal*, 556 U.S. at 678 (finding that conclusory statements are insufficient to state a claim for relief). The EEOC fails to identify who these alleged non-pregnant employees are, if they are similarly

8

situated, and does not state whether they are the same individuals mentioned earlier in Paragraph 32 of the Complaint. The EEOC also does not allege what reasonable accommodations these individuals were given that Williams was not. Thus, without this required context, the pleading standard in this regard has not been met.

### C. Speculation Cannot Properly Impute Liability.

The EEOC's contention that it is not required to plead who made the decision to terminate Williams's employment conflicts with pleading standards. The EEOC admits that it did not identify a specific decision-maker, and, instead, asserts that merely alleging that "Defendants," without any specificity is sufficient and, in sum, expects that pure speculation as to alleged discrimination is enough to survive a motion to dismiss (it is not). Lumping both Defendants together does not "'[g]ive [Defendants] fair notice of what the claim is and the grounds upon which it rests.'" *Twombly*, 50 U.S. at 555.

As Plaintiff acknowledges, Defendants cite to multiple cases that were dismissed under 12(b)(6) because *no allegation in the complaint supported an inference of* discrimination. While *Iqbal* and *Twombly* dictate that a complaint must allege sufficient facts to support a *reasonable* inference that an adverse action was motivated by unlawful discrimination, the EEOC's pleading falls far short of these standards. *See Traore v. Baltimore Police Dep't*, No. MJM-22-793, 2023 WL 8600553, at *7 (D. Md. Dec. 12, 2023) (emphasis added); *see also Chang Lim v. Azar*, 310 F.Supp.3d 588, 601 (D. Md. 2018) ("Although [the plaintiff] does not need to allege facts sufficient to establish a *prima facie* case under Title VII on a motion to dismiss, he nevertheless must plead facts sufficient to support a reasonable inference that an alleged adverse employment action was motivated by bias or discrimination.") (citing *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015)). The EEOC has failed to allege sufficient facts to support a reasonable inference that Williams's termination of employment was motivated by unlawful

9

discrimination. As discussed earlier, the EEOC did not adequately plead sufficient facts to allow this Court to reasonably infer that Williams was terminated *because she was pregnant*. The EEOC asks this Court to make logical leaps to determine that Roland Park's decision to terminate Williams's employment was motivated discrimination, which cannot be gleaned from the facts alleged. At most, the EEOC highlights that Williams was terminated because she could not perform the essential functions of her job, which, as discussed in conjunction with *Daugherty*, harmed Roland Park's business by putting their facility licensing in jeopardy. Such speculation and inferences do not comply with the applicable pleading standards and, thus, the EEOC's complaint should be dismissed as to all claims.

**CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety, with prejudice; together with such other and further relief as the Court deems just and proper.

DATE: March 6, 2026                              **CLARK HILL PLC**

|  |  |
|---|---|
|  | */s/ Jack R. McCaffrey* |
| Vanessa M. Kelly, admitted *pro hac vice* | Jack R. McCaffrey (No. 30737) |
| Alexandra M. MacDonald, *pro hac vice* | 1001 Pennsylvania Avenue, NW, Ste. 1300 S. |
| *pending* | Washington, DC  20004 |
| 210 Carnegie Center, Ste. 102 | T: (202) 640-6675 |
| Princeton, NJ  08540 | F: (202) 772-0919 |
| T: (609) 785-2968 | E: jmccaffrey@clarkhill.com |
| F: (609) 785-2999 | |
| E: vkelly@clarkhill.com | |
| ammacdonald@clarkhill.com | |

*Attorneys for Defendants*

10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically via the Court's CM/ECF system on March 6, 2026. Notice of this filing will automatically be sent to all parties by operation of the Court's electronic filing system.


/s/ Jack R. McCaffrey
Jack R. McCaffrey